David C. VanParys Leavenworth County Counselor Courthouse 4th and Walnut Leavenworth, Kansas 66048
Dear Mr. VanParys:
As Leavenworth county attorney, you request our opinion as to whether Leavenworth county would be obligated to pay association membership dues for personnel in the Leavenworth county district court. You have called our attention to K.S.A. 20-348 and 20-349, and Attorney General Opinions No. 83-76 and 90-88.
K.S.A. 20-348 provides:
 "Except for expenses required by law to be paid by the state, from and after January 10, 1977, the board of county commissioners of each county shall be responsible for all expenses incurred for the operation of the district court in the county."
K.S.A. 1992 Supp. 20-349 in part provides:
 "The board of county commissioners shall then have final authority to determine and approve the budget for district court operations payable by their county. . . . The budget shall include all expenditures payable by the county for operations of the district court in such county. . . . The compensation to be paid to district court personnel excluded from the judicial personnel classification system pursuant to subsection (b) of K.S.A. 20-162, and amendments thereto, shall be listed in the budget as a separate item for each job position. After the amount of such district court budget is established, the expenditures under such budget, other than expenditures for job positions contained in the budget, shall be under the control and supervision of the administrative judge, subject to supreme court rules relating thereto, and the board of county commissioners shall approve all claims submitted by the administrative judge within the limits of such district court budget. No board of county commissioners shall decrease such budget for district court operations to a level below the amount of the 1978 calendar year budget approved by the board of county commissioners less the amount of compensation and fringe benefits provided in such budget for judges and other personnel positions which are assumed by the state pursuant to this act."
According to K.S.A. 20-348, all expenses incurred for the operation of the district court must be paid by the county, unless they are required by law to be paid by the state. There is no statute specifically mentioning the association membership dues for district court personnel. However, compensation of district court personnel is to be paid by the state. K.S.A. 20-346a (court services officers of the district courts); K.S.A. 1992 Supp. 20-361 (nonjudicial personnel of the district courts). The issue therefore becomes whether association dues are within the definition of "compensation" under these statutes. We made a detailed analysis of the definition of "compensation" in comparison with the travel expenses incurred by the district court services officers in Attorney General Opinion No. 90-88, and we will not now repeat the analysis. It is sufficient to summarize here that there is no clear definition of compensation to include or exclude travel expenses. In Attorney General Opinion No. 90-88 we concluded that travel expenses paid to court services officers are not compensation, but rather, are expenses related to the operation of the district court and should therefore be paid by the county pursuant to K.S.A. 20-349.
In Attorney General Opinion No. 83-76, we stated that the expenses related to a district court magistrate's attendance at educational programs and seminars are properly payable by county moneys. According to K.S.A. 1992 Supp. 20-349, the administrative judge has control of expenditures made pursuant to the budget approved by the board of county commissioners. Moreover, the board of county commissioners must approve payment of claims submitted by the administrative judge which are "within the limits of said district court budget." See Attorney General Opinions No. 77-180, 80-32 and 83-76.
In conclusion, association membership dues of district court personnel may be payable by county moneys if such expenses are within the budget as approved by the board of county commissioners and authorized by the administrative judge of the subject district court.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Nobuko K. Folmsbee Assistant Attorney General
RTS:JLM:NKF:bas